**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| PAWEL BORK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. |
| ) | |
| HARTFORD LIFE & ACCIDENT ) | |
| INSURANCE COMPANY, ) | |
| ) | |
| Defendant. ) | |

## **COMPLAINT**

Now comes the Plaintiff, PAWEL BORK, by his attorneys, DEBOFSKY SHERMAN CASCIARI REYNOLDS, P.C., and complaining against the Defendant, HARTFORD LIFE & ACCIDENT INSURANCE COMPANY, he states:

### *Jurisdiction and Venue*

1. Jurisdiction of the court is based upon the Employee Retirement Income Security Act of 1974 ("ERISA"); and in particular, 29 U.S.C. §§ 1132(e)(1) and 1132(f). Those provisions give the district court jurisdiction to hear civil actions brought to recover benefits due under the terms of employee welfare benefit plans, which, in this case, consists of group long-term disability ("LTD") and life insurance waiver of premium ("WOP") benefits.

2. This action may additionally be brought before this court pursuant to 28 U.S.C. § 1331, which gives the district court jurisdiction over actions that arise under the laws of the United States.

3. The ERISA statute provides, at 29 U.S.C. § 1133, a mechanism for administrative or internal appeal of benefit denials. Those avenues of appeal have been exhausted.

4. Venue is proper in the Northern District of Illinois pursuant to ERISA § 502(e)(2) (29 U.S.C. § 1132(e)(2)) because Plaintiff resides in this District.

5. Venue is also proper because a substantial part of the events or omissions giving rise to Plaintiff's claim occurred within this district. 29 U.S.C. § 1132(e)(2); 28 U.S.C. § 1391.

## *The Parties*

6. The plaintiff, Pawel Bork ("Bork" or "Plaintiff"), age 62 (born in 1959), is a citizen of the United States and was at the time this dispute arose a resident of Chicago, Cook County, Illinois.

7. The defendant, Hartford Life & Accident Insurance Company ("Hartford" or "Defendant")[1], was at all times relevant hereto doing business throughout the United States and within the Northern District of Illinois, and it issued and delivered coverage to Plaintiff in the State of Illinois.

## **Count I – Denial of LTD Benefits**

## *Nature of the Action*

8. This action is brought as a claim for benefits pursuant to ERISA § 502(a)(1)(B) (29 U.S.C. § 1132(a)(1)(B)). Bork seeks payment of LTD benefits due under an LTD group policy of insurance: group policy number GP-737413-GI ("LTD Policy"), underwritten and administered by Hartford for the benefit of employees of Nutrien (a true and accurate copy of the Policy provided to Plaintiff and represented as the governing plan document is attached hereto as Exhibit "A").

9. At all times relevant hereto, the LTD Policy constituted an "employee welfare benefit plan" as defined by ERISA § 3(1) (29 U.S.C. § 1002(1)); and incident to his employment

---

[1] Plaintiff's LTD and WOP claims were previously administered by Aetna Life Insurance Company ("Aetna") prior to Hartford's acquisition of Aetna.

2

with Nutrien, Bork received coverage under the LTD Policy as a "participant" as defined by ERISA § 3(7) (29 U.S.C. § 1002(7)).

10. Plaintiff also seeks attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g) and ERISA § 502(g), as well as all other remedies this Court sees fit to award.

### *Relevant LTD Policy Provisions*

11. The LTD Policy provides monthly disability income benefits for participants that meet the following "Test of Disability":

> **Test of Disability**
> From the date that you first became disabled and until monthly benefits are payable for 24 months you meet the test of disability on any day that:
>
> - You cannot perform the material duties of your own occupation solely because of an illness, injury or disabling pregnancy-related condition; and
> - Your earnings are 80% or less of your adjusted predisability earnings.
>
> *After the first 24 months of your disability* that monthly benefits are payable, you meet the plan's test of disability on any day you are unable to work at any reasonable occupation solely because of an illness, injury or disabling pregnancy-related condition.
>
> Important Note
> The loss of a professional or occupational license or certification that is required by your own occupation does not mean you meet the test of disability. You must meet the plan's test of disability to be considered disabled.

Ex. A at 10.

12. The LTD Policy defines "Reasonable Occupation" as follows:

> **Reasonable Occupation**
> This is any gainful activity:
> - For which you are, or may reasonably become, fitted by education, training, or experience; and
> - Which results in, or can be expected to result in, an income of more than 60% of your adjusted predisability earnings.

Ex. A at 28.

### *Statement of Facts*

3

13. Immediately prior to ceasing work, Bork was successfully employed as a facility operator with Nutrien, a fertilizer company based in Canada.

14. Bork became unable to work due to a multitude of symptoms, including but not limited to, severe pain stemming from cervical and lumbar spine impairments and lumbar radiculopathy, on February 1, 2018. He has not worked in any capacity since that date.

15. Upon exhaustion of the 180-day waiting period, Bork timely applied for LTD benefits under the Policy. Hartford initially approved that claim and awarded LTD benefits in the amount of $2,875.15 per month effective August 3, 2018.

16. At Defendant's behest and with the assistance of counsel arranged by Defendant, Bork concurrently submitted a claim for Social Security disability benefits. The Social Security Administration ("SSA") ultimately determined that Bork was disabled effective February 2, 2018, thus signifying that his medical conditions resulted in his inability to engage in "any substantial gainful activity." 42 U.S.C. § 423(d)(1)(A) (definition of "disabled" under the Social Security Act). Plaintiff started receiving Social Security disability benefits in or around February of 2020 and continues to receive those benefits to this day. Defendant possesses Bork's complete SSA claim file.

17. Despite the overwhelming medical evidence supporting his ongoing disability, on August 21, 2020, Hartford terminated Bork's claim for ongoing LTD benefits effective the following day. Hartford based that decision on a medical examination performed by Ibrahim Sadek, M.D., an occupational medicine physician. That decision was also based on an employability analysis report performed by a Hartford employee.

18. On February 25, 2021, Bork, with the assistance of counsel, submitted an appeal of Hartford's termination of benefits. Supporting evidence provided with his appeal included

updated treatment records and opinion evidence from his treating doctors, as well as a vocational report and his SSA claim file, all of which demonstrated his ongoing entitlement to LTD benefits.

19. Nonetheless, on August 24, 2021, Hartford upheld its termination of Bork's LTD benefit claim based on the opinion of a non-examining physician, Mark Reecer, M.D., a physical medicine and rehabilitation physician. Hartford also based that decision on an employability analysis report and a labor market survey prepared by its own employees.

20. Hartford's termination of Bork's LTD benefits was and remains against the weight of the medical and vocational evidence, including the opinions of his treating doctors, the vocational findings, and the SSA's findings.

21. Hartford's decision to terminate LTD benefits was the product of biased claims handling and was the result of a conflict of interest rooted in unfounded and unsupported medical reviews performed by non-treating physicians and vocational analysts employed by and/or routinely contracted by Hartford.

22. Bork remains entitled to LTD benefits due since August 22, 2020 plus any interest that has accrued thereon; and he is also entitled to a declaration of rights that his benefits remain payable thereafter so long as he continues to meet the Policy's terms and conditions.

23. All required avenues of administrative appeal to Hartford have now been exhausted, and this matter is therefore ripe for adjudication.

### Relief Sought

WHEREFORE, Plaintiff prays for the following relief:

A. That the court enter judgment in Plaintiff's favor and against the Defendant and that the court order the Defendant to pay all accrued long-term disability benefits to Plaintiff in an amount equal to the contractual amount of benefits to which he is entitled from August 22, 2020

5

to the present;

B. That the Court order the Defendant to pay Plaintiff compounding prejudgment interest on all contractual benefits that have accrued prior to the date of judgment in accordance with 29 U.S.C. § 1132(a)(1)(B) or 29 U.S.C. § 1132(a)(3);

C. That the Court order Defendant to continue paying Plaintiff LTD benefits in an amount equal to the contractual amount of benefits to which he is entitled through the Policy's Maximum Benefit Period, so long as he continues to meet the Policy's conditions for continuance of benefits;

D. That the Court award Plaintiff his attorney's fees pursuant to 29 U.S.C. § 1132(g); and

E. That Plaintiff be awarded any and all other contractual and/or equitable relief to which he may be entitled, as well as the costs of suit.

### Count II – Denial of WOP Benefit

For Count II of his Complaint:

1-23. Plaintiff reasserts and incorporates Paragraphs 1–23 above as though fully set forth herein and further alleges:

*Nature of Action*

24. This is a claim seeking reinstatement of group life insurance coverage under Group Policy Number GP-737413 ("Life Policy") (a true and accurate copy of the Life Policy provided to Plaintiff and believed to be the governing plan document is attached hereto as Exhibit "B"), which is underwritten and administered by Hartford.

25. At all times relevant hereto, the Life Policy constituted an "employee welfare benefit plan" as defined by ERISA § 3(1) (29 U.S.C. § 1002(1)); and incident to his employment

with Nutrien, Bork received coverage under the Life Policy as a "participant" as defined by ERISA § 3(7) (29 U.S.C. § 1002(7)).

26. Plaintiff also seeks attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g) and ERISA § 502(g), as well as all other remedies this Court sees fit to award.

### *Relevant Policy Provisions*

27. The Life Policy contains a provision which continues coverage without payment of premium (the WOP benefit) if a participant meets the following test of disability to determine a claimant's entitlement to benefits:

> **Permanently and Totally Disabled**
> You will be considered permanently and totally disabled under this plan if disease or injury prevents you from:
> - Working at your own job or any other job for pay or profit; and
> - Being able to work at any reasonable job. A "reasonable job" is any job for pay or profit which you are, or may reasonably become, qualified by education, training or experience.

Ex. B at 11.

### *Statement of Facts*

28. Pursuant to his initial receipt of LTD benefits, Hartford began assessing Bork's entitlement to the WOP benefit in or around November of 2018.

29. On November 8, 2018, Hartford informed Bork that he was not entitled to the WOP benefit. Hartford asserted that it had denied his claim because the medical evidence of record failed to establish that he was permanently and totally disabled, as defined by the Life Policy.

30. Bork personally appealed that denial on or around April 8, 2019.

31. On September 24, 2019, Hartford reversed its decision and approved Bork's WOP benefit claim.

32. However, Hartford subsequently terminated Bork's WOP claim on September 1, 2020. Hartford based that decision on the medical opinion of Dr. Sadek.

33. Plaintiff, through counsel, submitted an appeal of that benefit determination on February 25, 2021. Supporting evidence provided with his appeal included updated treatment records and opinion evidence from his treating doctors, as well as a vocational evaluation and his entire SSA claim file, all of which demonstrated his ongoing entitlement to the WOP benefit.

34. However, based on the medical opinion of Dr. Reecer and an employability analysis report and labor market survey prepared by Hartford employees, Hartford upheld its termination of Bork's WOP benefit claim on August 24, 2021.

35. The evidence submitted to Hartford establishes that Bork has been continuously unable to work in any capacity since he first ceased working on February 1, 2018 and has thus met the Life Policy's definition of disabled since that date due to his various medical impairments.

36. All required pre-litigation appeals seeking the reinstatement of the WOP benefit have been exhausted. Therefore, this matter is ripe for judicial review.

### *Relief Sought*

WHEREFORE, Plaintiff respectfully requests that this Court enter an order as follows:

A. That the Court order Defendant to reinstate Plaintiff's life insurance coverage and reimburse him for any premiums paid while those benefits were erroneously terminated;

B. That the Court order the Defendant to pay Plaintiff compounding prejudgment interest on all contractual benefits that have accrued prior to the date of judgment in accordance with 29 U.S.C. § 1132(a)(1)(B) or 29 U.S.C. § 1132(a)(3);

C. That the Court award Plaintiff his attorneys' fees pursuant to 29 U.S.C. § 1132(g); and

D. That Plaintiff be awarded any and all other contractual and/or equitable relief to

8

which he may be entitled, as well as the costs of suit.

Dated: November 5, 2021　　　　　　　　　　　Respectfully Submitted,

　　　　　　　　　　　　　　　　　　　　　　/s/ *Matthew T. Maloney*
　　　　　　　　　　　　　　　　　　　　　　*Attorney for Plaintiff*

　　　　　　　　　　　　　　　　　　　　　　Matthew T. Maloney
　　　　　　　　　　　　　　　　　　　　　　William T. Reynolds
　　　　　　　　　　　　　　　　　　　　　　DeBofsky Sherman Casciari Reynolds, P.C.
　　　　　　　　　　　　　　　　　　　　　　150 N. Wacker Dr., Suite 1925
　　　　　　　　　　　　　　　　　　　　　　Chicago, IL 60606
　　　　　　　　　　　　　　　　　　　　　　(312) 561-4040 (phone)
　　　　　　　　　　　　　　　　　　　　　　(312) 929-0309 (fax)